**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50622
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR ELOY TENA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-4-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Oscar Eloy Tena pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 84 months in prison. He argues that the district court erred in applying a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense, namely, the offense of unlawfully carrying a weapon on licensed premises, in violation of TEXAS PENAL CODE ANN. § 46.02. Tena asserts that the offense of unlawfully carrying a weapon was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficiently distinct from the offense of being a felon in possession of a firearm so as to permit the enhancement.

After *United States v. Booker*, 543 U.S. 220 (2005), this court continues to review a district court's interpretation and application of the guidelines de novo and its findings of fact for clear error. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). In determining whether a guideline enhancement applies, a district court is allowed to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

The Sentencing Guidelines provide for a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, comment. (n. 14)(C)).

A person violates § 46.02(a) if he intentionally, knowingly, or recklessly carries on or about his person a weapon. An offense under this section is a felony if the offense is committed on any premises licensed or issued a permit by this state for the sale of alcoholic beverages. § 46.02(c). Tena does not dispute that he violated § 46.02(c).

Here, Tena's mere possession of the firearm would not itself implicate § 46.02(c). Rather, Tena also had to carry or possess the firearm on licensed premises, an act that goes beyond mere possession. *See United States v. Kuban*, 94 F.3d 971, 975-76 (5th Cir. 1996). Thus, the enhancement was properly applied. *See id.* at 976*; see also United States v. Armstead*, 114 F.3d 504, 512-13 (5th Cir. 1997).

We also agree with the Government's alternative argument that Tena's conduct of waving the loaded firearm at a crowd of people warranted the

imposition of the enhancement. *See Kuban*, 94 F.3d at 976; *United States v. Le*, 512 F.3d 128, 134-135 (5th Cir. 2007); § 2K2.1, comment. (n.14(C)).

AFFIRMED.